# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN C. JUSTICE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17 C 7448 |
| TOWN OF CICERO, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

John Justice has filed a *pro se* lawsuit under 42 U.S.C. § 1983 against the Town of Cicero and two of its officials, Jerry Jarosz and Tony Bertuca, alleging that they have deprived him of his liberty and property without due process of law. Justice owns a business ("Microcosm") in Cicero, the nature of which his complaint does not describe. Evidently Justice does not have a business license, which is required by Cicero city ordinance. As a result, Cicero issued numerous citations to him—over 400—and assessed fines totaling over $200,000. Justice has not paid the fines. In July of this year, Cicero officials closed down his business and padlocked the doors. Justice then filed a lawsuit in state court seeking a "writ of prohibition," citing among other things the Illinois Constitution and alleging, in substance, that Cicero's actions constituted an infringement of his liberty regarding the use of his property.

Several years ago, Justice filed a lawsuit in this Court in which, among other claims, he challenged Cicero's business licensing ordinance. This Court ruled that his

claim was precluded by the dismissal of a still-earlier lawsuit challenging the ordinance. *Justice v. Town of Cicero*, 827 F. Supp. 2d 835, 838 (N.D. Ill. 2011).

In Justice's recent state court lawsuit, the court initially granted a temporary restraining order on July 19 of this year enjoining Cicero from closing his business. The court, however, dissolved the TRO on August 8, 2017, and on August 25, 2017, it denied Justice's subsequent motion seeking to reopen his business. Then, in early October 2017, the state court dismissed Justice's state court lawsuit with prejudice, concluding that Justice had "fail[ed] to plead specific facts that show how Defendants' conduct falls beyond its legitimate authority." Defs.' Resp. to Pl.'s Mot., Ex. B at 3. Justice filed the present federal lawsuit shortly after that.

Justice has filed a motion entitled "motion to suspend closure of business," which the Court has construed as a motion for a temporary restraining order. A party seeking a temporary restraining order, which is essentially what Justice requests in his present motion, must establish a likelihood of success on the merits, lack of an adequate remedy at law, and irreparable harm if a restraining order is not granted. *See, e.g., Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007) (stating the requirements for issuance of a preliminary injunction, which are identical to the requirements for a TRO). Justice's claim founders on the first of these elements, so the Court need not address the others.

There are at least two problems with Justice's claim. The first is that he offers no authority supporting the proposition that a municipality's enforcement of a business licensing ordinance by shutting down a business that does not comply with it violates due process. Second, it appears highly likely that Justice's current lawsuit is barred by

2

the doctrine of claim preclusion. Specifically, Justice filed a nearly identical lawsuit in state court, which the state court dismissed, entering a judgment on the merits. Under Illinois law, which under 28 U.S.C. § 1738 governs the preclusive effect of an Illinois judgment in federal court, the state court judgment precludes Justice from reasserting essentially the same claim against the same or essentially the same parties in a separate lawsuit, which is what he is attempting to do. *See, e.g., Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales*, 664 F.3d 1075,1079 (7th Cir. 2011) (applying Illinois law). If these conditions are satisfied, then claim preclusion "will bar not only every matter that was actually determined in the first suit but also every matter that might have been raised and determined in that suit." *Id.* at 1080. This includes the federal constitutional claim that Justice has brought in the present lawsuit.

## Conclusion

For the reasons stated above, the Court denies Justice's motion to suspend the closure of his business [dkt. nos. 5 & 7] and also orders him to show cause why his lawsuit should not be dismissed on the ground that it is barred by the doctrine of claim preclusion. Justice is directed to file a written response addressing this point by no later than December 27, 2017, and defendants are directed to file a reply by no later than January 17, 2018. The status hearing set for December 11, 2017 is vacated.

Date: December 6, 2017

_____
MATTHEW F. KENNELLY
United States District Judge